# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PRICE, | 1:16-cv-00702-LJO-BAM |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | (Doc. 2) |
| RAYMOND E. MABUS, Secretary, Department of the Navy, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1) |
| Defendant. | THIRTY-DAY DEADLINE |

## SCREENING ORDER

Plaintiff Edward Price ("Plaintiff") proceeds pro se in this civil action. Plaintiff requests that he be given his job back, along with back pay, reinstatement of leave and punitive damages. Plaintiff's complaint, filed on May 19, 2016, is currently before the Court for screening.

**Request to Proceed without Payment of Fees**

Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff brings suit against Raymond E. Mabus, Secretary of the Department of Navy. Plaintiff alleges the following: "I want my job back with back pay and all my leave reinstated, sick leave also.  I want punitive damages in the amount of $800,000.00." Doc. 1 at 6.

## DISCUSSION

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint lacks factual allegations necessary to state a claim for relief. Indeed, Plaintiff's complaint does not include any allegations regarding what happened, when it happened and who was involved.  Absent this basic factual information, the Court cannot determine whether Plaintiff states a cognizable claim.  Plaintiff's request for his job, back pay, leave and punitive damages is not sufficient.  As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the pleading deficiency.

## **CONCLUSION AND ORDER**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  However, as Plaintiff is proceeding pro se, the Court will provide him with the opportunity to file a first amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 10, 2016**        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE