# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PRICE,<br><br>       Plaintiff,<br><br>  v.<br><br>RAYMOND E. MABUS, Secretary,<br>Department of the Navy,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:16-cv-00702-LJO-BAM

ORDER DISMISSING FIRST AMENDED
COMPLAINT WITH LEAVE TO AMEND

THIRTY-DAY DEADLINE

## SCREENING ORDER

Plaintiff Edward Price ("Plaintiff") proceeds pro se and in forma pauperis in this civil action.  On June 14, 2016, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on July 18, 2016, is currently before the Court for screening.  (Doc. 4).

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the
2  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,
5  1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
6  (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge
7  unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)
8  (internal quotation marks and citation omitted).

9  Pro se litigants are entitled to have their pleadings liberally construed and to have any
10 doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012),
11 *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims
12 must be facially plausible, which requires sufficient factual detail to allow the Court to
13 reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S.
14 at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572
15 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not
16 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.
17 *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

18 **<u>Plaintiff's Allegations</u>**

19 Plaintiff brings suit against Raymond E. Mabus, Secretary of the Department of Navy.
20 Plaintiff, an African-American male civil service employee, worked as a transportation assistant
21 in the Fleet Logistics Center in Lemoore, California. He alleges that in October 2009, Grace
22 Sotelo was appointed as his supervisor in the Fleet Logistics Center. Plaintiff repeatedly
23 reported problems in the shipping department to Ms. Sotelo and the director, Paul Getty.
24 Plaintiff claims that he was responsible for keeping the shipping department running from
25 September 2009 through March 2014, including paying shipping bills and booking trucks.
26 Plaintiff alleges that every time he applied for a different job, Human Resources said that he was
27 not qualified. Plaintiff also alleges that Ms. Sotelo and Mr. Getty had him investigated by
28 N.C.I.S. for fraud, bribery, wire fraud and other unethical behavior. Plaintiff was cleared of all

charges, but Ms. Sotelo and Mr. Getty continued to harass him and make false accusations until he was terminated.  Plaintiff complains of racial discrimination and wrongful termination.  (Doc. 4).

## DISCUSSION

Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10, and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his complaint.  To assist Plaintiff, the Court provides the following the standards that appear relevant to his claims.

### 1.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's amended complaint fails to clearly delineate the factual allegations underlying his complaint.  At a basic level, Plaintiff does not set forth a clear timeline of events, including when he was terminated.  Plaintiff's general references to harassment, discrimination and threats are not sufficient.  Plaintiff also references various appeals, including an Equal Employment Opportunity Commission ("EEOC") appeal, but he does not identify the charges in those appeals or their status.

### 2.   Federal Rule of Civil Procedure 10

Federal Rule of Civil Procedure 10 outlines the form of pleadings required in federal court.  In particular, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to single set of circumstances."  Fed. R. Civ. P.

10(b).   Additionally, if doing so would promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

Here, the amended complaint does not contain numbered paragraphs or separate claims based on separate transactions or occurrences.   Rather, Plaintiff's first amended complaint is comprised, improperly, of two letters—one addressed to the court and one addressed to Robert J. Barnhart regarding his Equal Employment Opportunity Commission appeal.   In any amended complaint, Plaintiff should adhere to the Rule 10 form of pleadings by including separate numbered paragraphs limited to a single set of circumstances and by separating claims founded on separate transactions or occurrences.

### 3.   Plaintiff's Claims

Plaintiff appears to be pursuing a discrimination claim pursuant to Title VII of the Civil Rights Act.   The protection against employment discrimination provided by Title VII applies to civilian employees of the military through 42 U.S.C. § 2000e–16(a).   *Gonzalez v. Dep't. of Army*, 718 F.2d 926, 928 (9th Cir. 1983).   However, it is not clear what precise employment actions he believes were discriminatory beyond the failure to receive positions for which he reportedly was not qualified.   In his complaint, Plaintiff has detailed various issues with billing, computer systems and the availability of trucks, but he does not adequately explain how these issues involved discrimination.   Instead, they appear to be Plaintiff's complaints about inadequacies in management of the Fleet Logistics Center.    Plaintiff also has not explained the circumstances surrounding his termination from employment.   Conclusory statements that he was discriminated against are not sufficient to state a cognizable claim.   *Iqbal*, 556 U.S. at 678.   Plaintiff will be given leave to amend to cure these deficiencies.

However, to the extent Plaintiff's termination claims are not premised upon discrimination, they are preempted by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq.*, which is the exclusive administrative remedy for a federal civil service employee alleging wrongful termination.   *See Elgin v. Dep't of Treasury*, 132 S.Ct. 2126, (2012); *Saul v. United States*, 928 F.2d 829, 842 (9th Cir. 1991).

///

4

**CONCLUSION AND ORDER**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and 10, and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, the Court will provide him with a final opportunity to amend his complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's first amended complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10 and for failure to state a cognizable claim;

2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

3.    **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **September 1, 2016**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE