# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND E. MABUS, Secretary, Department of the Navy,<br><br>　　　　Defendant. | 1:16-cv-00702-LJO-BAM<br><br>SCREENING ORDER RE SECOND AMENDED COMPLAINT<br><br>THIRTY-DAY DEADLINE |

## SCREENING ORDER

Plaintiff Edward Price ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. On September 2, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty (30) days. On September 16, 2016, Plaintiff filed a letter with the Court, which included a decision issued by the U.S. Equal Employment Opportunity Commission on September 1, 2016. (Doc. 6). On September 7, 2016, Plaintiff filed a right to sue letter issued by the California Department of Fair Employment & Housing on September 20, 2016. (Doc. 7). The Court construes these documents as Plaintiff's second amended complaint.

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

## DISCUSSION

Plaintiff's second amended complaint, which is comprised of a letter, a decision by the U.S. Equal Employment Opportunity Commission ("EEOC") and a right to sue letter from the California Department of Fair Employment & Housing ("DFEH") fails to comply with Federal Rules of Civil Procedure 8 and 10.  As Plaintiff is proceeding pro se, he will be given **one final opportunity** to amend his complaint.  To assist Plaintiff, the Court provides the following the standards:

### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's filing of EEOC and DFEH documents is not sufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.  The Court will not scour the EEOC decision to determine Plaintiff's claims and allegations in this action.   If Plaintiff elects to amend his complaint, Plaintiff must prepare a separate complaint that includes the relevant factual allegations and asserted causes of action.

### 2. Federal Rule of Civil Procedure 10

Federal Rule of Civil Procedure 10 outlines the form of pleadings required in federal court.  In particular, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to single set of circumstances." Fed. R. Civ. P. 10(b).  Additionally, if doing so would promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

Here, Plaintiff's letter and documents from the EEOC and DFEH are not sufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 10.  If Plaintiff elects to amend his complaint, he must prepare a complaint that includes separate numbered paragraphs limited to a single set of circumstances and he must separate claims founded on separate transactions or occurrences.

### **CONCLUSION AND ORDER**

Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and 10.  As Plaintiff is proceeding pro se, the Court will provide him with **one final opportunity** to amend his complaint.   *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and

3. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **October 17, 2016**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE