# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PRICE,<br><br>     Plaintiff,<br><br>     v.<br><br>RAYMOND E. MABUS, Secretary, Department of the Navy,<br><br>     Defendant. | 1:16-cv-00702-LJO-BAM<br><br>SCREENING ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 9)<br><br>THIRTY-DAY DEADLINE |

## SCREENING ORDER

Plaintiff Edward Price ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. On September 2, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty (30) days. On September 16, 2016, Plaintiff filed a letter with the Court, which included a decision issued by the U.S. Equal Employment Opportunity Commission on September 1, 2016. (Doc. 6). On September 7, 2016, Plaintiff filed a right to sue letter issued by the California Department of Fair Employment & Housing on September 20, 2016. (Doc. 7). The Court construed these documents as Plaintiff's second amended complaint. On October 18, 2016, the Court dismissed Plaintiff's second amended complaint with leave to amend because the letters filed with the Court failed to comply with Federal Rules of Civil Procedure 8 and 10. (Doc. 8). Plaintiff's third amended complaint, filed on November 10, 2016, is currently before the Court for screening. (Doc. 9).

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff, an African-American male civil service employee, worked as a transportation assistant in the Fleet Logistics Center in Lemoore, California. He alleges that in October 2009, Grace Sotelo was appointed as his supervisor in the Fleet Logistics Center. Plaintiff repeatedly reported problems in the shipping department to Ms. Sotelo. Plaintiff claims that he was

responsible for keeping the shipping department running from September 2009 through March 2014, including paying shipping bills and booking trucks. Plaintiff alleges that every time he applied for a different job, Human Resources said that he was not qualified. Plaintiff also alleges that Ms. Sotelo and Mr. Getty had him investigated by N.C.I.S. for fraud, bribery, wire fraud and other unethical behavior. Plaintiff was cleared of all charges, but Ms. Sotelo and Mr. Getty continued to harass him and make false accusations until he was terminated. Plaintiff complains of racial discrimination and wrongful termination.

## DISCUSSION

Plaintiff's third amended complaint is comprised of (1) a letter to Robert J. Barnhart in support of Plaintiff's Equal Employment Opportunity Commission Appeal; and (2) a letter to the Office of Federal Operations dated 9/23/2016. (Doc. 9). As with his second amended complaint, Plaintiff's third amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10. Plaintiff may not simply file letters to other persons or government agencies in lieu of a complaint containing factual allegations and causes of action. Further, the letter addressed to Robert J. Barnhart is identical to the one filed as part of Plaintiff's first amended complaint (Doc. 4, pp. 3-5), which was dismissed, in part, for failure to comply with Federal Rules of Civil Procedure 8 and 10 (Doc. 5).

The Court previously advised Plaintiff that he would be permitted one final opportunity to amend his complaint. However, in an abundance of caution, Plaintiff will be given **one final opportunity** to amend his complaint. To assist Plaintiff, the Court provides the following the pleading and legal standards that appear applicable:

   **1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

As stated, Plaintiff's filing of letters addressed to other persons or government agencies is not sufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.  If Plaintiff elects to amend his complaint, Plaintiff must prepare a separate complaint that includes the relevant factual allegations, including what happened, when it happened and who was involved.  Plaintiff also should include his asserted causes of action and requested relief.

### 2. Federal Rule of Civil Procedure 10

Federal Rule of Civil Procedure 10 outlines the form of pleadings required in federal court.  In particular, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to single set of circumstances." Fed. R. Civ. P. 10(b).  Additionally, if doing so would promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

Here, Plaintiff's letters are not sufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 10.  Plaintiff's letters do not contain numbered paragraphs or separate claims based on separate transactions or occurrences.   If Plaintiff elects to amend his complaint, he must prepare a stand-alone complaint, which is not comprised of letters to other persons or government agencies, that includes separate numbered paragraphs limited to a single set of circumstances and he must state separate claims founded on separate transactions or occurrences.

### 3. Plaintiff's Claims

Plaintiff appears to be pursuing a discrimination claim pursuant to Title VII of the Civil Rights Act. The protection against employment discrimination provided by Title VII applies to civilian employees of the military through 42 U.S.C. § 2000e–16(a). *Gonzalez v. Dep't. of Army*, 718 F.2d 926, 928 (9th Cir. 1983). However, it is not clear what precise employment actions he believes were discriminatory beyond the failure to receive positions for which he reportedly was not qualified. In his complaint, Plaintiff has detailed various issues with billing, computer systems and the availability of trucks, but he does not adequately explain how these issues involved discrimination. Instead, they appear to be Plaintiff's complaints about inadequacies in

management of the Fleet Logistics Center. Plaintiff also has not explained the circumstances surrounding his termination from employment by Human Resources. Conclusory statements that he was discriminated against are not sufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678. Plaintiff will be given leave to amend to cure these deficiencies.

However, to the extent Plaintiff's termination claims are not premised upon discrimination, they are preempted by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq.*, which is the exclusive administrative remedy for a federal civil service employee alleging wrongful termination. *See Elgin v. Dep't of Treasury*, 132 S.Ct. 2126 (2012); *Saul v. United States*, 928 F.2d 829, 842 (9th Cir. 1991).

## CONCLUSION AND ORDER

Plaintiff's third amended complaint fails to comply with Federal Rule of Civil Procedure 8 and 10, and fails to state a cognizable claim. As Plaintiff is proceeding pro se, the Court will provide him with **one final opportunity** to amend his complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10 and failure to state a cognizable claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a fourth amended complaint; and

**3. If Plaintiff fails to file a fourth amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a cognizable claim.**

IT IS SO ORDERED.

Dated: **November 28, 2016**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE