# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PRICE,<br><br>        Plaintiff,<br><br>   v.<br><br>RAYMOND E. MABUS, Secretary, Department of the Navy,<br><br>        Defendant. | 1:16-cv-00702-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

## **FINDINGS AND RECOMMENDATIONS**

Plaintiff Edward Price ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. Plaintiff's fourth amended complaint, filed on May 4, 2017, is currently before the Court for screening. (Doc. 15.)

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

## **DISCUSSION**

Plaintiff's fourth amended complaint is a letter addressed to the Defendant Secretary of the Navy, which details why Plaintiff believes he should have a job with FLC San Diego. (Doc. 15.)

As with his prior complaints, Plaintiff's fourth amended complaint fails to comply with Federal Rule of Civil Procedure 8. The Court previously warned Plaintiff that he may not simply file a letter in lieu of a complaint that contains factual allegations and causes of action. Further, the Court has granted Plaintiff multiple opportunities to file an amended complaint, but despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to state a cognizable claim for relief. For these reasons, further leave to amend is not warranted, and the Court will recommend that this action be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim for relief.

///

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's letter addressed to the Secretary of the Navy is not sufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Plaintiff does not include factual allegations regarding what happened or when it happened. In the absence of such factual allegations, Plaintiff has failed to set forth any claims for relief that are plausible on the face of the complaint. Indeed, Plaintiff's letter does not identify any cognizable federal claims and instead is a plea to the Secretary of the Navy for employment at FLC in San Diego.

## **CONCLUSION AND RECOMMENDATION**

Plaintiff's fourth amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable federal claim. For the reasons stated, further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 26, 2017**           /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE